IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | **CIVIL ACTION NO. 1:20-CV-717** |
| **Plaintiff** | : | |
| v. | : | (Judge Conner) |
| **TOM WOLF**, *et al.*, | : | |
| **Defendants** | : | |

### **MEMORANDUM**

Plaintiff Hilton Mincy, a prisoner presently incarcerated at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania, filed the above-captioned action pursuant to 42 U.S.C. § 1983 challenging the policies, procedures, and practices applicable to the Department of Corrections' facilities as they relate to the Covid-19 pandemic at SCI Huntingdon. (Doc. 1). Presently pending before the court are defendants' motion to dismiss the original complaint and various motions filed by plaintiff requesting to supplement his complaint or to file various amended complaints, the most germane motion being plaintiff's recent motion for leave to file the second amended complaint. (Doc. 44.)

Federal Rule of Civil Procedure 15(a) provides that when more than twenty-one days have elapsed since the defendants have filed a responsive pleading or motion, a plaintiff may only amend his or her complaint "with the opposing party's written consent or the court's leave," which should be freely given. Fed. R. Civ. P. 15(a)(2). Although it does not appear that plaintiff has sought or obtained the defendants' consent, the defendants have not opposed any of plaintiff's attempts to

supplement or amend his complaint. The second amended complaint clearly and concisely lays out plaintiff's claims for relief, and the court therefore grants leave for it to be filed. The previous motions filed by the parties regarding plaintiff's prior complaints or supplements will be denied as moot.[1]

Federal law requires the court to screen plaintiff's second amended complaint for *sua sponte* dismissal and to dismiss any claim that fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) or to dismiss any defendant who is immune from suit. See 28 U.S.C. § 1915A. Defendants Wolf and Levine have previously moved to dismiss the complaint because plaintiff failed to allege their personal involvement in his alleged claims, and the court is mindful of those arguments in its review of the second amended complaint.

In it, plaintiff alleges that Governor Wolf has described prisons as a population vulnerable for Covid-19 and that former Secretary of the Department of Health Levine has designated prisons as long term care facilities. (Doc. 54 at 15-16.) He also alleges that they have refused to implement the testing of all inmates at SCI Huntingdon. (Id. at 16.)

---

[1] These motions include plaintiff's motion to supplement the original complaint (Doc. 13), defendants' motion to dismiss the original complaint (Doc. 21), plaintiff's motion to supplement the amended complaint (Doc. 27), plaintiff's motion for extension of time to oppose the motion to dismiss the original complaint (Doc. 28), plaintiff's motion to strike defendants' brief in support of their motion to dismiss (Doc. 41), and plaintiff's motion to withdraw his first amended complaint (Doc. 47).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976)).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  Id. at 1208.

Plaintiff's claims against Defendants Wolf and Levine are insufficient because he fails to allege their personal involvement in the Covid-19 management and response at SCI Huntingdon.  To the contrary, plaintiff alleges that it is Defendants Secretary Wetzel, Superintendent Kauffman, and Deputy Superintendents Kohler and Walters who develop and implement the DOC's policies and procedures related to the Covid-19 pandemic at SCI Huntingdon.  (See Doc. 54 at 5-7.)  For this reason, the court will dismiss these defendants without prejudice for failure to state a claim upon which relief may be granted and deny as moot their motion to stay discovery pending disposition of their motion to dismiss the complaint as well as plaintiff's motion to strike their motion to stay.  (Docs. 31, 39.)  A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      March 2, 2021