## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILTON MINCY, | : | CIVIL ACTION NO. 1:20-CV-717 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| JOHN E. WETZEL, *et al.*, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983, in which plaintiff Hilton Mincy, who was formerly incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), alleges that the handling of the COVID-19 pandemic by the prison violates the Eighth Amendment. The court dismissed the case for failure to state a claim upon which relief could be granted on November 3, 2021. Mincy has moved for reconsideration, further leave to amend, and leave to supplement his motion for reconsideration. The motion for leave to supplement will be deemed withdrawn for Mincy's failure to file a supporting brief, and the motion for reconsideration and motion for leave to amend will be denied.

### I.   Factual Background & Procedural History

At all times relevant to this case, Mincy was incarcerated in SCI-Huntingdon. He initiated the case through the filing of a civil rights complaint on April 30, 2020, alleging that defendants—various individuals and entities connected to SCI-Huntingdon and the Pennsylvania Department of Corrections ("DOC")—had implemented inadequate policies and practices to combat the COVID-19 pandemic

and had otherwise failed to prevent and mitigate the spread of the virus.  (Doc. 1).

Following multiple amendments, the case proceeded on Mincy's second amended

complaint, which was filed on March 2, 2021.  (Doc. 69).  In the second amended

complaint, Mincy sought injunctive relief requiring SCI-Huntingdon to (1) provide

him with viral and antibody tests; (2) provide all other inmates with viral tests; and

(3) provide all staff members with viral tests.  He also sought injunctive relief to

"permanently close" SCI-Huntingdon, a declaratory judgment, nominal damages,

general damages for the cost of bringing the lawsuit, and punitive damages of $1

million.  Defendants moved to dismiss the second amended complaint.  (Doc. 74).

 We granted the motion to dismiss on November 3, 2021.  (Docs. 114-15).  We

found that publicly available information on the DOC's website indicated that the

DOC had implemented numerous policies to combat the COVID-19 pandemic and

that the implementation of these policies showed that the defendants were not

deliberately indifferent to the risks posed by COVID-19.  (Doc. 114 at 7-9).  We found

that additional leave to amend would be futile because the publicly available

information on the DOC's website showed that the defendants were not deliberately

indifferent to the risks posed by COVID-19 and because Mincy had refused to be

vaccinated against the virus.  (Id. at 12-13).  We accordingly dismissed the case with

prejudice.  (Id. at 13-14).

 Mincy moved for reconsideration on November 18, 2021 and moved for leave

to file a third amended complaint on December 3, 2021.  (Docs. 117, 119).  In the

motion for leave to amend, Mincy represented that he had been paroled and that he

would soon be released from DOC custody.  (Doc. 119 at 11).  Mincy filed a notice of

appeal to the United States Court of Appeals for the Third Circuit on December 6, 2021. (Doc. 121). The Third Circuit stayed the appeal on December 20, 2021 pending our disposition of the motion for reconsideration and the motion for leave to amend. (Doc. 124).

Based on Mincy's representation that he was going to be released from DOC custody and an independent search of the DOC's online inmate locator, we issued an order on February 15, 2022 requiring counsel for defendants to state on the record whether Mincy had been released from DOC custody. (Doc. 126). Counsel responded on February 15, 2022, stating that Mincy had been released from SCI-Huntingdon to a community corrections facility on February 2, 2022. (Doc. 127). Mincy confirmed this fact through the filing of a notice of change of address on February 25, 2022. (Doc. 128). On March 30, 2022, Mincy moved for leave to supplement his motion for reconsideration. (Doc. 129). Mincy has not filed a brief in support of the motion to supplement, and the deadline for doing so has expired under the Local Rules. See M.D. PA. L.R. 7.5.

## II.   **Legal Standard**

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party may not invoke a

motion for reconsideration to "relitigate old matters" or present previously available arguments or evidence.  See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

**III.   Discussion**

To begin, Mincy's motion for leave to supplement his motion for reconsideration will be deemed withdrawn.  Under Local Rule 7.5, a motion shall be deemed withdrawn if the moving party fails to file a supporting brief within fourteen days of the motion.  M.D. PA. L.R. 7.5.  More than fourteen days have elapsed since Mincy moved for leave to supplement, and he has neither filed a brief in support of the motion nor requested an extension of time in which to do so. Accordingly, the motion is deemed withdrawn.

We also note at the outset that Mincy's claims for injunctive and declaratory relief are moot.  Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies.  TransUnion LLC v. Ramirez, 594 U.S. __, 141 S. Ct. 2190, 2203 (2021).  The case or controversy requirement continues through all stages of litigation and not simply at the time the complaint is filed. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016).  Cases or claims become moot when changes in circumstances mean that they no longer present live cases or controversies.  Thomas v. Att'y Gen. of United States, 624 F.3d 134, 139-40 (3d Cir. 2010).  An inmate's claims for injunctive relief or declaratory relief arising from the conditions of his confinement become moot when the inmate is released or transferred out of the prison in question.  Sutton v. Rasheed, 323 F.3d 236, 248 (3d

Cir. 2003) (citing <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 197 (3d Cir. 1993)).  Mincy is no longer incarcerated in SCI-Huntingdon, (<u>see</u> Docs. 127-28), so his claims for injunctive and declaratory relief are moot.

The scope of the court's review of the instant motions is thus limited to Mincy's claim for damages.  There is no cause to consider whether we erred in dismissing Mincy's claims for injunctive or declaratory relief given that the claims are now moot.  With that limitation noted, we turn to the merits of the instant motions.

Mincy argues that we should reconsider the dismissal of this case because (1) the conclusion that further amendment would be futile is "contrary to the facts, claims, exhibits in support and public records cited to in support" and (2) because the court committed an error of law in relying on public records that were not submitted in support of Mincy's complaint in deciding the defendants' motion to dismiss.  (Doc. 117 at 1).  Mincy reiterates his first argument in his motion for leave to amend, (<u>see</u> Doc. 119 at 1-10), and he also argues that the court erred in pointing to his vaccination status in denying further leave to amend (<u>id.</u> at 10-14).

With respect to his first argument, Mincy notes that the court denied his motion for leave to file a third amended complaint because the proposed third amended complaint suffered from the same defects as the second amended complaint, namely, that publicly available information on the DOC's website showed that the defendants had not been deliberately indifferent to the risks posed by the COVID-19 pandemic.  (Doc. 118 at 5-7).  This conclusion was erroneous,

Mincy argues, because the proposed third amended complaint alleged facts and raised claims that were not included in his second amended complaint.  (Id. at 7-8).

We will reject Mincy's first argument.  The differences between Mincy's proposed third amended complaint and his second amended complaint are not material, as the complaints still suffer from the same fundamental defects.  To state a claim for deliberate indifference to the risks posed by COVID-19, Mincy must allege that the defendants "knew of *and disregarded* an excessive risk" to his health or safety caused by COVID-19.  See Hope v. Warden York Cty. Prison, 972 F.3d 310, 329 (3d Cir. 2020).  The COVID-19 prevention policies that were publicly available on the DOC's website and that were implemented in all DOC facilities showed that the defendants had not disregarded the risks posed by COVID-19.  Hence, Mincy's complaints fail to allege deliberate indifference, and additional amendments would be futile because they would suffer from the same defect.

Mincy's second argument is that the court erred in relying on matters of public record in deciding defendants' motion to dismiss.  (Doc. 117 at 1).  He argues that reliance on the information from the DOC's website was erroneous because (1) none of the information was cited by Mincy in his second amended complaint or in his proposed third amended complaint (Doc. 118 at 16); (2) the public records cited by the court are "separate sections" within the DOC's COVID-19 reference guide and are "not actual separate policies" (id.); (3) the DOC's COVID-19 reference guide is not published in its entirety on the DOC's website, meaning that the public does not have "'unqualified access to all of the documents at issue'" and that the COVID-19 reference guide "in its entirety is not a public document" (id. (quoting Pension

Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993)); (4) the public records cited by the court are not among the public records defined by the Third Circuit in Pension Ben. Guar. Corp. (id. at 17); (5) the public records were cited by the defendants in their motion to dismiss, meaning that the court relied on documents that were outside the pleadings (id.); and (6) reliance on the policies published on the DOC's website was erroneous because the policies were not actually implemented by SCI-Huntingdon (id.).

Mincy's second argument is without merit. As the court noted in its previous opinion, (see Doc. 114 at 8 n.1), information from the DOC's website was properly considered in resolving the motion to dismiss because it was a matter of public record and because it had been made publicly available by a government agency. See Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that courts may take judicial notice of information that is publicly available on government websites); Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (noting that courts may consider matters of public record in resolving motions to dismiss). Consideration of the policies published on the DOC website was also appropriate because Mincy's second amended complaint relied on DOC policies in alleging that SCI-Huntingdon's internal policies did not comply with those policies. See Doc. 69 at 13; Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.").

Finally, Mincy argues in his motion for leave to amend that the court erred in its partial reliance on Mincy's vaccination status in denying further leave to amend.

(Doc. 119 at 10-14).  This argument is moot.  Mincy's vaccination status would only be relevant to his forward-looking claims for injunctive and declaratory relief; it would not be relevant to his claim for damages.  As noted above, Mincy's claims for injunctive and declaratory relief are moot because he is no longer in custody at SCI-Huntingdon.  Hence, the issue of whether the court erred in relying on Mincy's vaccination status in denying further leave to amend is also moot.  Thus, because Mincy's first two arguments do not establish a basis for the court to reconsider its prior decision and his third argument is moot, we will deny his motion for reconsideration and motion for leave to amend.

## IV.   <u>Conclusion</u>

We will deny Mincy's motion for reconsideration and motion for leave to amend.  Mincy's motion to supplement the motion for reconsideration will be deemed withdrawn.  An appropriate order shall issue.

<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 21, 2022